IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DANIEL B. THOMPSON,                )
                                   )
              Plaintiff,           )
                                   )
v.                                 )   Case No. CIV-10-327-KEW
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social             )
Security Administration,           )
                                   )
              Defendant.           )

### OPINION AND ORDER

Plaintiff Daniel B. Thompson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 29, 1954 and was 55 years old at the time of the ALJ's decision. Claimant completed his high school education and special vocational training as an auto mechanic. Claimant worked in the past as an assembly line worker, laborer, and pipe fitter. Claimant alleges an inability to work beginning

December 26, 2007 due to limitations arising from back problems, numbness in the legs and arms, hypertension, blurred vision, and headaches.

## Procedural History

On December 26, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 29, 2009, an administrative hearing was held before ALJ Richard J. Kallsnick in Tulsa, Oklahoma. On October 29, 2009, the ALJ issued an unfavorable decision on Claimant's application. On July 16, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from a severe impairment since December 26, 2007, the date of last insurance.

4

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to: (1) consider all of Claimant's impairments at step two; and (2) engage in a proper credibility evaluation.

## Step Two Analysis

Claimant contends the ALJ failed to consider all of his impairments that are present in the record. In his decision, the ALJ determined Claimant has the medically determinable impairments of low back pain and hypertension. (Tr. 15). At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet

the presence of a medical condition alone is not sufficient at step two.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28.   A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment.  The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

> 42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months.   42 U.S.C. § 1382c(a)(1)(C)(i); 20

6

C.F.R. § 416.927(a)(1).

On June 27, 2008, Claimant complained of back pain with back flexion and side bending but not with back rotation or extension. (Tr. 163-64). The physician noted no focal spasm or problems with his back extended. Claimant had negative straight leg raising and equal bilateral reflexes. Claimant reported pain while walking on his toes but not when walking on his heels. Claimant was diagnosed with lower back pain and hypertension. Claimant was prescribed medicine to control his blood pressure and pain medication. (Tr. 163).

On May 15, 2009, Claimant reported low back pain and numbness that went down his right arm. Claimant was prescribed Ibuprofen and Flexeril. (Tr. 170-73).

On June 5, 2009, Claimant sought treatment for back pain when he slipped and his back flared up. Testing showed pain in the lumbosacral area and positive straight leg raising with pain with heel and toe walking, and a slow but stable gait. (Tr. 169). Claimant was diagnosed with acute exacerbation of the low back and prescribed one Lortab. (Tr. 168-69).

On January 31, 2008, Claimant underwent a consultative examination by Dr. Ronald Schatzman. Dr. Schatzman noted Claimant complained of back pain. He found no point tenderness, peripheral pulses were adequate in all four extremities, no edema, grip

strength was 5/5 bilaterally strong and firm. Claimant was able to perform both gross and fine tactile manipulation, finger to thumb opposition was adequate, knees showed no effusion or edema and were stable in all range of motion exercises, and great toe strength was equal bilaterally. Heel/toe walking was normal, tandem gait was within normal limits, leg lengths were equal bilaterally. Claimant's cervical spine was non-tender with full range of motion, thoracic spine was non-tender with full range of motion, lumbar-sacral spine was non-tender with full range of motion associated with pain. Straight leg raising reflex was negative bilaterally in both sitting and supine positions. Dr. Schatzman noted Claimant walks with a cane lurching somewhat to his right but when he walked without the cane, Claimant had a normal, safe gait. Dr. Schatzman noted no identifiable muscle atrophy. (Tr. 154-56). Normal range of motion was noted at all levels and in all extremities. (Tr. 157-60). Dr. Schatzman concluded Claimant's only medical condition was back pain by history. (Tr. 156).

Claimant contends the ALJ was under a duty to develop the record by ordering more x-rays and another consultative examination. Claimant bears the burden to demonstrate a disability at step two. Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992). Additional testing and consultative evaluation may be required if the medical evidence is in conflict or is inconclusive. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997); 20 C.F.R.

§ 404.1519a(b)(4).  Nothing in the record creates a duty upon the ALJ to order additional testing or evaluation.  This Court finds no error in the ALJ's determination of no severe impairment at step two.

## Credibility Determination

Claimant also contends the ALJ did not perform a proper credibility evaluation.  It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence.  Id.  Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board);

9

and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

Claimant's testimony regarding the restrictions on his activities and his physical condition find absolutely no support in the medical record.  The ALJ performed an adequate evaluation of Claimant's testimony in light of the objective medical record.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 23rd day of September, 2011.


KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE


10